## Loper *v.* The State.

If the time and place of the holding of the court appear in any part of the record, it will be sufficient.

The whole of the record must be considered together, and that which is uncertain in one part, may be rendered clear by that which is certain in another part.

A separate certificate of the clerk to each paper in the record is sufficient, and if such papers are styled " originals" by him, it will be regarded as a mere clerical mistake, which cannot change the character of the record.

The power to award a *certiorari* has always been conceded to the courts, as well in criminal as in civil cases.

It seems that a prisoner who has applied for and obtained a change of venue, will not be permitted to question the regularity of the proceedings. And the presumption will be in favor of the regularity of the proceeding below, in absence of any proof to the contrary.

If the prisoner go to trial without a copy of the indictment and venire having been served upon him two entire days before trial, he waives his privilege of such service.

ERROR to the circuit court of Marshall county.

*Hughes,* for the plaintiff in error.
Attorney-General, *contra.*

Mr. Justice Trotter delivered the opinion of the court.

This was a prosecution for murder, commenced in the circuit court of Lafayette county. The indictment was found at the May term of that court, in 1838. After pleading not guilty, the plaintiff applied to the court to change the venue, and in support of the application presented his affidavit, and that of Alexander M'Farland, which, in substance stated, that from the prejudice existing in the public mind in the county of Lafayette, the plaintiff could not have a fair trial, &c. The venue was ordered to be changed to Marshall county. And at the September term of the circuit court of that county he was tried and convicted. On a

[Loper *v.* The State.]

motion for a new trial, grounded on alleged defects in the original transcript of the record in Lafayette county, the court on a suggestion of diminution, awarded a *certiorari*, in obedience to which the clerk of Lafayette circuit court forwarded the amended record. The principal errors assigned in this cause arise out of the matters presented on the motion.

The first error assigned is, that the record on which the prisoner was tried was defective, and that it was not competent for the court to amend it. That amendments are not allowed in criminal cases, nor are they embraced by the statute of jeofails. The caption of the record to which this objection is in part directed, is very informal and inartificial, and is, unaided by the other parts of the record, defective, as it does not state in what county, nor at what place the court had opened its session. The subsequent proceedings, however, very satisfactorily remove the uncertainty in this respect, and may very properly be referred to, and considered in connection with the caption. It is a well settled rule, in the construction of deeds, statutes, and records, that all the parts of the deed, and all statutes in *pari materia,* as well as the whole of a record must be viewed together. And that which is uncertain in one part may be rendered clear by that which is certain in another part. In other parts of this record, it is stated in direct terms, that the court was holden at the town of Oxford, in Lafayette county. It is objected, however, that the certificate of the clerk is not as full as the requirements of the statute which directs him to send a transcript of all the minutes of the court, and of the papers in the cause. The general certificate referred to as the ground of this objection is not perhaps full enough. But he has given a separate certificate of each of the papers mentioned in the descriptive list made out by him, and we think this is as well as if the general certificate objected to, had referred to them aggregately. He has, to be sure, called these papers, originals, but that is evidently a mere clerical blunder, which cannot change the character of the record. But the court certainly had the power to supply any diminution of the record. This power is unconnected with the question of amendments. In awarding a *certiorari,* the court only aims to get the whole record as it exists. Its office is not to change the record, but to perfect it. It

[Loper *v.* The State.]

is, therefore, technically speaking, no amendment. And the power to award *certioraries,* has always been conceded to the courts as well in criminal as in civil cases.

2. It is insisted in the second place, that the order to change the venue was illegal, and, therefore, conferred no jurisdiction of the cause, upon the circuit court of Marshall county. But there does not appear upon the record, any foundation for this objection. The affidavit of the prisoner, which states the ground of his belief, that he cannot have a fair and impartial trial in the county of Lafayette, and also that of M'Farland to sustain and corroborate it, are both shown upon the record as a portion of the proceedings in the cause. It was objected, however, that it did not appear that they were sworn in open court, and that the clerk before whom the jurat was taken, had no authority to administer an oath in such case out of the court. But we think it sufficiently appears, that they were sworn in open court, and at all events, that they were sufficient to persuade the court of the necessity for a change of the venue. We can draw no other conclusion from any thing apparent upon the record. But it strikes the court that this is a novel objection. The defendant below makes an affidavit containing grounds for removing the venue of his trial, and for his benefit the court awards the change. How can he then be heard to criticise the regularity of his own proceedings? But a conclusive answer to this objection is, that the court below had full jurisdiction to make the order. It has done so, and we should be acting in violation of well established principles to presume against the regularity of the order in the absence of any proof that such was the case. The sufficiency of the proof was a question for the determination of that court, it deemed the proof sufficient and we have nothing to do with it. Surely it will not be contended, that the judgment of a court of competent jurisdiction can be attacked, because the record does not show all the proofs upon which it was rendered. But the record in this case does state that the prisoner applied in person for the change of venue, and this is shown by a distinct averment of the order itself. It states, that the defendant's application, supported by his affidavit, and that of Alexander M'Farland came up, &c.

3. The last objection taken is, that the prisoner was not fur-

[Loper *v.* The State.]

nished with a copy of the bill of indictment and a list of the *venire* two entire days before the trial as required by law. The statute requires this to be done, to enable the prisoner to prepare his defence, and his challenges to the jurors. And he cannot be compelled to go to trial without it. He may waive this privilege, however, and consent to a trial immediately; and if he does, he cannot afterwards object. As the prisoner made no objection in the court below, he cannot object here. Such was the decision of the Supreme Court in the case of Johnson *v.* The State, Walker's Rep. 396. Of this court, in the case of Shaeffer *v.* The State, 1 How. Rep. 238. The same doctrine is recognised in Chitty's Crim. Law, 405.

The judgment of the court below must, therefore, be affirmed.